Martin, J.
delivered the opinion of the court. The plaintiff sues on an instrument by which the defendant acknowledges a sum due to him or his order, and declares, that he has given in payment an order for a quantity of cotton, to be received at a gin in the Mississippi territory, which if paid is in full, otherwise the instrument to be valid for the sum stated.
The order is annexed to the petition with the *335 instrument. The first is without a date, other has that of Nov. 11th, 1809.
The defendant alleges that the plaintiff is without a cause of action, because he neglected to present the order for payment, till the cotton was accidently destroyed by fire.
Glasscock, a witness introduced by the defendant, deposed, that the gin, at which the plaintiff was to receive the cotton, was burnt about Christmas 1809 : the defendant had then there ten bales of cotton, one of which was lent him by the witness. This last bale weighed 300 lbs. : the witness knew nothing of the weight of the other bales.
On the back of the order is an endorsement of the gin-keeper, stating, the order had been produced to him on the 14th of December, 1809, and was not paid, the cotton having been burnt.
The district court gave judgment for the defendant and the plaintiff appealed.
His counsel shews, that by a law of the Mississippi territory, in which the contract under consideration was made, gin-keepers give receipts for seed cotton brought to their gins, that these receipts are negociable, and when no day of payment or delivery of baled cotton is therein mentioned, they become due four months after date. That in the present case, there being *336 no receipt from the gin-keeper, he was not bound to deliver he bales till four months after delivery of the seed cotton, and these four months had not elapsed, when the cotton was burnt. So that the gin-keeper, by a call on him, could not have been put in mora, nor was he compellable to deliver the cotton, therefore the plaintiff was guilty of no neglect, and consequently is not liable for the loss.
In looking on the order, we find it to be for ten bales of my (the defendant’s) cotton : and it is in evidence, that the defendant had that quantity of bales in the gin-house. Whether these bales proceeded from seed cotton, sent thither to be ginned—whether he had a receipt, without a specific time of delivery—whether that time or the legal one was elapsed—or whether the bales had been purchased from the gin keeper, or any of his customers, does not appear. The law, therefore, of the Mississippi territory which is cited does not apply to the present case.
The order was given, and consequently received in payment. It must therefore have prima facie extinguished the debt, at least suspended it till the happening of the contingency mentioned, viz. the non-payment of it.
The defendant’s obligation was reduced to *337 the warranty of the payment; the plaintiff submitted to the obligation of requiring it. If he had immediately applied, there is no doubt that the cotton would have been delivered. Its destruction results from the delay, and this court is only to examine whether the district court erred in determining that a delay of thirty three days was an unreasonable one. The record does not present any circumstance, that may take the present case, out of the general rule. It ought to have been shewn, if such was the case, that the distance of the gin, the inconveniency or difficulty of access thereto, the ordinary mode of doing business there, presented favourable features in the plaintiff’s case. This has not been done.
The naked question is, therefore, when one has taken upon himself to receive goods, may he protract the risk of the former owner thirty three days; the judge below has thought that he could not, and it does not appear to us that he erred.
It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.